**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 11-8056-PCT-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Danny Michael John, Jr., | |
| Defendant. | |

Pending before the Court is Defendant's Motion for a Judgment of Acquittal. (Doc.194).

**I.  BACKGROUND**

Defendant was originally charged with four counts: two counts of aggravated sexual abuse, one count of sexual abuse of a minor, and one count of abusive sexual contact. (Doc. 1). A jury returned "not guilty" verdicts on the first three counts and failed to reach a verdict on the fourth count. (Doc. 114; Doc. 115; Doc. 116; Doc. 117). The United States subsequently obtained a superseding indictment charging Defendant with new counts of aggravated sexual abuse and sexual abuse of a minor as well as recharging the abusive sexual contact (count 4 of the preceding indictment). (Doc. 131). Defendant moved for, and this Court granted, dismissal as to the first two of these counts. (Doc. 177 at 8-9). A second jury trial commenced on May 24, 2012. (Doc. 175). The sole charge in this trial was abusive sexual contact. (Doc. 180). The instant motion arises from a jury verdict of "guilty" on the

1 | charge of abusive sexual contact. (Doc. 193). This verdict was entered on June 1, 2012. (Doc. 193).

Defendant now moves, pursuant to Rule 29 of the Federal Rules of Criminal Procedure (hereinafter Rule 29), to renew a previously denied motion for a judgment of acquittal. (Doc. 194 at 1). Defendant's earlier motion was raised at the end of the United States' case-in-chief. (Doc. 194).

## II. LEGAL STANDARD

Rule 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Rule 29 provides that the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

In determining whether evidence is sufficient to sustain a conviction, a court should apply the *Jackson* test.[1] *Jackson v. Virginia*, 443 U.S. 307 (1979). The test for challenging a conviction based on insufficiency of evidence is a two part analysis. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (citing *Jackson*, 443 U.S. at 319). The test for determining insufficiency of evidence is to: 1) "consider the evidence presented at trial in the light most favorable to the prosecution[;]" and, 2) to "determine whether this evidence, so viewed, is adequate to allow 'any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id.* Additionally, the Ninth Circuit has ruled that "[t]o satisfy due process in the conviction of a defendant, there must be 'proof beyond a reasonable doubt of *every* fact necessary to constitute the crime with which he is charged.'"

---

[1] While the *Jackson* standard is most commonly applied to habeas petitions, it is also the test for Rule 29 Motions. *See e.g. United States v. Shepard*, CR-10-1032-TUC-CKJ, 2012 WL 1580609, at *1 (D. Ariz. May, 4 2012); *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002); *United States v. Mendez-Casillas*, 272 F.3d 1199, 1202-1203 (9th Cir. 2001).

*United States v. Del Toro-Barboza*, 673 F.3d 1136, 1143 (9th Cir. 2012) (emphasis added) (quoting *In Re Winship*, 397 U.S. 358, 364 (1970)).

The crime that Defendant has been convicted of is "Abusive Sexual Contact" which is codified at 18 U.S.C. sections 1153, 2244(a)(3), and 2246(3). (Doc. 131). In determining the sufficiency of evidence, the Court must find, viewing the evidence in the light most favorable to the United States, that any rational trier of fact could find proof beyond a reasonable doubt, *Del Toro-Barboza*, 673 F.3d at 1143, of the following elements: 1) that Defendant knowingly engaged in or attempted to engage in sexual contact with the victim; 2) that the victim was between the ages of 12 and 16; 3) that the victim was at least four years younger than Defendant; 4) that Defendant is an Indian; and, 5) that the crime occurred in Indian country, (Doc. 192 at 12).

## III. ANALYSIS

Here, Defendant claims that "[t]he evidence, when viewed in the light most favorable to the guilty verdict, was not sufficient to establish each and every one of the elements of the offense beyond a reasonable doubt." (Doc. 194 at 2). In order to accurately determine the sufficiency of the evidence in regards to Defendant's conviction, the Court will analyze each element in turn.

The first element which must be established beyond a reasonable doubt – viewing the evidence as favorably to the jury's verdict as possible – is whether Defendant knowingly engaged in sexual contact with the victim. The United States argues that it put forth sufficient evidence at trial – specifically the victim's testimony and Defendant's testimony – to establish this element. (Doc. 195 at 3). Defendant does not specifically dispute this, or any other, element. Based on this Court's own recollection and the undisputed assertions of the United States, the victim testified that Defendant "touched her breasts with his hands and his mouth and then touched her vaginal area. The victim further testified that [Defendant] told her not to tell anyone." (Doc. 195 at 3). This testimony, if found credible, would be sufficient evidence to allow a rational trier of fact to conclude beyond a reasonable doubt that Defendant had engaged in sexual contact with the victim. Additionally, the United States

introduced evidence which a rational trier of fact could have used to determine the credibility of the victim. (Doc. 195 at 3). Specifically, the United States showed at trial that there was significant evidence that the victim lacked a motive to fabricate her allegations. *See Id.* Further, Defendant confessed to making physical contact with the victim. *Id.* Defendant made numerous references to this contact in a number of different interviews and changed his reason for doing so a number of times. *Id.* Because there existed direct testimonial evidence that Defendant made sexual contact with the victim, this Court finds that a rational trier of fact could have found proof beyond a reasonable doubt of this element.

Defendant may be challenging the jury's verdict on the theory that his contact with the victim was not of a sexual nature. The evidence at trial could have potentially supported the inference that the contact made between Defendant and the victim was not of a sexual nature or that the victim was fabricating her allegations. However, in ruling on the sufficiency of evidence in a motion for acquittal, the Court must look at the evidence in the light most favorable to sustaining the jury's verdict. *Nevils*, 598 F.3d at 1164. While there is a possibility that a rational trier of fact might have reached an inference different from that which was reached by the jury, a rational trier of fact could – and indeed, 12 jurors did – take Defendant's conflicting statements in interviews as an inference that he was not credible. *See* (Doc. 195 at 3). A rational trier of fact could reasonably reach the conclusion that, despite Defendant's statements to the contrary and in light of the victim's statements, Defendant's contact with the victim met the statutory definition of sexual contact.

In regards to the other elements of this crime, the victim's undisputed testimony established her age at 15 at the time of the offense. (Doc. 195 at 4). The age of Defendant was established through his statements to law enforcement as well as testimony that Defendant was the victim's father. *Id.* The government provided the Defendant's "Certificate of Indian Blood, his enrollment with the Navajo Indian tribe, his residence on the reservation, his daughter's status as a tribal member, and his participation in tribal ceremonies" as evidence of Defendant's Indian status. *Id.* The location of the offense was established through testimony of the victim as well as through statements from law enforcement officers.

*Id.* All of this evidence was sufficient, viewed in a light most favorable to the United States, to allow a rational trier of fact to reach the belief, beyond a reasonable doubt, that each one of the remaining elements was met.

**IV.  CONCLUSION**

Because the United States provided sufficient evidence to allow a rational trier of fact to reach the conclusion, beyond a reasonable doubt, that each element of the crime was established, Defendant's motion will be denied..

Based on the foregoing,

**IT IS ORDERED** denying Defendant's Motion for a Judgment of Acquittal (Doc. 194).

DATED this 31st day of July, 2012.

_____
James A. Teilborg
United States District Judge